IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Miscellaneous No. 17-1462M |
| V. | ) | |
| | ) | [SEALED] |
| ALBERT McCALL | ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jason Pope, being duly sworn, depose and say:

1.  I am a Special Agent with the United States Secret Service and am currently assigned to the Pittsburgh District Office, acting as such am a "federal law enforcement officer" within the meaning of Fed. R. Crim. P. 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. For the reasons and to the extent detailed below, this affidavit requests that the Court issue a warrant for the arrest of Albert McCall for the following federal offenses: Production of a False Identification Document (18 U.S.C. § 1028(a)(1)), Mail Fraud (18 U.S.C. § 1341), Wire Fraud (18 U.S.C. § 1343), Conspiracy to Commit Mail, Wire and Bank Fraud (18 U.S.C. § 1349), and Conspiracy to Produce, Use and Traffic in Counterfeit and Unauthorized Access Devices (18 U.S.C. § 371).

2.  On November 2, 2017, I executed an affidavit in support of an Application and Affidavit for Disclosure of Location Data relating to a Wireless Telephone that United States Magistrate Judge Cynthia Reed Eddy approved and that is filed at Miscellaneous No. 17-1364. That affidavit contains the vast majority the evidence in support of a finding of probable cause, and it is incorporated herein as if set forth in fill.

3. In summary, the investigation revealed that McCall conspired with a number of individuals located in the Western District of Pennsylvania and elsewhere to commit various identity-theft related offenses, including 18 U.S.C. § 1029 (Production, Use and Trafficking in Counterfeit and Unauthorized Access Devices), as well as fraud offenses such as Mail Fraud (18 U.S.C. § 1341), Wire Fraud (18 U.S.C. § 1343) and Bank Fraud (18 U.S.C. § 1344). McCall's role in these offenses was to provide individuals in the Western District of Pennsylvania and elsewhere with counterfeit driver's licenses, counterfeit credit cards, and fraudulently obtained personal identification information.

4. It appears that many of the victims of the identity theft crimes appear to have some connection to Chase Bank, where McCall's wife used to work and which is a federally insured financial institution. During a search of the trash of one of the conspirators in the Pittsburgh area, agents located a list of names and other personal identification information. In discussions with Chase, a representative of Chase confirmed that all except one of the individuals included on the list was a Chase Bank customer. In one of the recorded telephone calls discussed below, McCall indicates that he intends to get in touch with a person at the bank in connection with obtaining personal identification information.

5. The conspirators in the Western District of Pennsylvania would then use the information, the counterfeit driver's licenses, and the counterfeit credit cards to rent vehicles and make purchases both on-line and by physically going to stores and using counterfeit credit cards.

6. One of McCall's conspirators, shortly after his/her arrest on unrelated charges and a search of his/her home that revealed numerous items of physical evidence related to identity theft, began to cooperate in the government's investigation of McCall. The search warrant was executed on October 12, 2017. This cooperating defendant (hereinafter CD), verified the

information established independently through other investigation means that demonstrated McCall's participation in the conspiracy and his role in the conspiracy as outlined above and in the Affidavit filed at 17-1364.

7. In addition, over the course of the last several weeks, the CD recorded approximately twelve conversations with McCall about McCall's contemporaneous involvement in various fraudulent schemes. McCall has made numerous admissions in these recorded calls about his involvement in the fraud schemes discussed above and in the Affidavit filed at 17-1364. He has also requested that the CD perform certain tasks in furtherance of his current fraud schemes, including obtaining through on-line sources the social security numbers of individuals McCall identified.

8. During these discussions, McCall admitted to the CD that he has recently traveled to several locations, including Alabama, Ohio, Tennessee, and Michigan in furtherance of his fraud schemes. In Michigan, he was seeking an individual who could provide a service that would allow his counterfeit driver's licenses to "scan" – meaning that a device could read information on the black magnetic tape on the back of the counterfeit driver's license. During these discussions, as verified through the court-authorized tracking of his cellular telephone, McCall has provided the CD with accurate information related to his location.

9. As discussed in the affidavit filed at 17-1364, the CD introduced an Undercover Agent (hereinafter UA) to McCall for the purposes of McCall providing the UA with a counterfeit driver's licensed that McCall believed that UA would use to commit various identity-theft related offenses. As agreed, on October 31, 2017, McCall sent the UA, through the United States Mail, a counterfeit Ohio Driver's license, which is in violation of 18 U.S.C. §§ 1341 and 1029(a)(1).

10. On October 30, 2017, as payment for the counterfeit driver's license, the US Secret Service caused $525.00 to be wired from MoneyGram in Dallas, Texas to Montgomery, Alabama, which is in violation of 18 U.S.C. § 1343.

11. Agents, following up on the MoneyGram transaction as well as the USPS transaction, obtained video surveillance of both. Agents have subsequently confirmed, through their knowledge of McCall's appearance based upon state driver license photos, that the individual conducting the transactions was McCall and his brother Richard McCall. Both are seen in the videos.

12. On November 16, 2017, McCall spoke to the CD and requests that he/she run four names through her database for social security numbers.

13. Also on November 16, 2017, McCall texted CD one of the names in question, along with the date of birth and address of that individual and requested that CD provide McCall with the social security number of that individual. At the time of the text, McCall was in Columbus, Ohio, according to the data location information associated with the cellular telephone. CD was, at that time, located in the Western District of Pennsylvania, meaning that the text message traveled through the interstate wires, establishing a violation of 18 U.S.C. § 1343 (Wire Fraud).

14. In several recorded conversations, McCall has made admissions regarding his plans to engage in further criminal activity.

WHEREFORE, based on the information set forth above and in the affidavit filed at 17-1364, I have probable cause to believe that Albert McCall committed the following violations of federal law: Production of a False Identification Document (18 U.S.C. § 1028(a)(1), Mail Fraud (18 U.S.C. § 1341), Wire Fraud (18 U.S.C. § 1343), Conspiracy to Commit Mail, Wire and Bank Fraud (18 U.S.C. § 1349), and Conspiracy to Produce, Use and Traffic in Counterfeit and Unauthorized Access Devices (18 U.S.C. § 371).

JASON POPE
Special Agent
U.S. Secret Service

Sworn to before me this 21st
day of November, 2017.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE