FILED
DEC 13 2017
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ALBERT McCALL

Criminal No. 17-341

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a six-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Conspiracy<br>An uncertain date in 2016 through October 2017 | 18 U.S.C. § 371 |
| Two | Transfer of False Identification Document<br>October 31, 2017 | 18 U.S.C. § 1028(a)(2) |
| Three | Mail Fraud<br>October 31, 2017 | 18 U.S.C. § 1341 |
| Four and Five | Wire Fraud<br>October 30, 2017 (Count Four)<br>November 16, 2017 (Count Five) | 18 U.S.C. § 1343 |
| Six | Aggravated Identity Theft<br>October 30, 2017 | 18 U.S.C. § 1028A(a)(1) |

## II. ELEMENTS OF THE OFFENSES

A.      As to Count 1:

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That two or more persons agreed to commit offenses against the United States, as charged in the indictment;

2.      That the defendant was a party to or member of that agreement;

3.      That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objectives of committing offenses against the United States; and

4.      That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

B.      As to Count 2:

In order for the crime of Transfer of False Identification Document, in violation of 18 U.S.C. § 1028(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant knowingly transferred a "false identification document", which is defined as a document of a type intended or commonly accepted for the purposes of identification of individuals that appears to be issued by or under the authority of a state; and

        2.       That the defendant knew that the document was produced without lawful authority.

18 U.S.C. §§ 1028(a)(2) and 1028(d)(4)(B).

**C.**     **As to Count 3:**

In order for the crime of Mail Fraud, in violation of 18 U.S.C. § 1341, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

        1.       That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

        2.       That the defendant acted with the intent to defraud; and

        3.       That in advancing, furthering, or carrying out the scheme, the defendant used the mail, or caused the mail to be used.

Third Circuit Model Criminal Jury Instruction 6.18.1341.

**D.**     **As to Counts 4 and 5:**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

        1.       That the defendant devised a scheme to defraud or to obtain money or property or the intangible right of honest services by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

        2.       That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Third Circuit Model Criminal Jury Instruction 6.18.1343.

E.   **As to Count 6:**

In order for the crime of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant committed a felony violation of a statute listed in 18 U.S.C. § 1028A(c), which includes Wire Fraud (18 U.S.C. § 1028A(c)(5)); and

2. That the defendant, during and in relation to said felony violation, knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

18 U.S.C. § 1028A(a)(1).

### III. PENALTIES

A.   **As to Count 1: Conspiracy (18 U.S.C. § 371):**

1. Imprisonment of not more than 5 years (18 U.S.C. § 371);

2. A fine not more than the greater of;

   (a) $250,000 (18 U.S.C. § 3571(b)(3));

   or

   (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the

defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

   3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

   4. Any or all of the above.

  **B.** **As to Count 2: Transfer of False Identification Document (18 U.S.C. § 1028(a)(2)):**

   1. Imprisonment of not more than 15 years (18 U.S.C. § 1028(b)(1)(A)(ii));

   2. A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

   3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

   4. Any or all of the above.

  **C.** **As to Counts 3, 4 and 5: Mail Fraud and Wire Fraud (18 U.S.C. §§ 1341 and 1343):**

   1. Imprisonment for not more than twenty (20) years;

   2. A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

  3. A term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559 and 3583);

  4. Any or all of the above.

  **D.** **As to Count 6: Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1)):**

  1. A term of imprisonment of two years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4) (18 U.S.C. § 1028A(a)(1), (b));

  2. A fine not more than the greater of:

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

  3. A term of supervised release of not more than one (1) year (18 U.S.C. § 3583);

  4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Six, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726