IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                       Criminal No. 17-0341
                                            ELECTRONICALLY FILED

   v.

ALBERT McCALL,

        Defendant.


**MEMORANDUM ORDER DENYING DEFENDANT'S MOTION TO REVOKE
ORDER OF DETENTION PENDING TRIAL (DOC. NO. 28)**

On November 21, 2017, Defendant Albert McCall was charged by Complaint with

conspiracy, wire fraud, mail fraud, and production of a false identification document.  Doc. No.

1.  He was arrested and ordered detained after a hearing on November 29, 2017, before

Magistrate Judge David R. Grand in the Eastern District of Michigan.  Doc. No. 8-8.  Magistrate

Judge Grand found that Defendant's use of aliases and false documents, his prior violations of

probation, parole, or supervised release, his criminal history - - which includes significant

periods of incarceration for prior offenses, and his failure to provide credible information

regarding his residency warranted his detention pending trial because of the potential danger to

the community of further criminal activity by the Defendant, and his incentive to flee.  Doc. No.

8-8.

Thereafter, the Grand Jury returned a six-count Indictment against Defendant charging

him as the leader of an extensive identity theft operation.  Doc. No. 9.  Defendant filed the

instant Motion to Revoke Detention Order and Alternative Motion for Hearing, challenging

Magistrate Judge Grand's findings or alternatively seeking an evidentiary hearing.  Doc. No. 28.

After review of Defendant's Motion, the Government's Response and exhibits thereto, Doc. No. 32, and the original detention hearing before Magistrate Judge Grand, Doc. No. 8-5 (audio file), the Court will DENY Defendant's Motion to Revoke the Detention Order and will DENY Defendant's request for an evidentiary hearing regarding his detention.

## I.  Legal Standards

Title 18 United States Code Section 3145(b), provides that:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

The United States Court of Appeals for the Third Circuit has determined that the appropriate standard of review is *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). At the evidentiary level, *de novo* review does not require an additional or independent evidentiary hearing by the District Court, and the Court may incorporate the transcript of the proceedings before the Magistrate Judge including any exhibits admitted therein. *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D. Pa. 1994). The Court may also consider any additional evidence submitted in connection with the motion. *United States v. Turner*, 08cr0323, 2008 WL 4186212, at *1 (W.D. Pa. Sept. 5, 2008). "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).

According to Section 3142(g), the following four factors must be considered:

> (1)  the nature and circumstances of the offense;
>
> (2)  the weight of the evidence against the person;

(3)     the history and characteristics of the person, including his

        character, family, employment, finances, length of

        residence, ties to community, drug abuse history, criminal

        history, record of appearance at court proceedings, and

        whether he was on bond at the time of the charged offense;

        and

(4)     the nature and seriousness of the danger posed by the

        person's release.

## II.     Discussion

The Court has considered the four factors and find that they support the Defendant's detention pending trial of this matter.

### (1) Nature and Circumstances of the Offense

Defendant is alleged to be a leader of an extensive network of criminal activity that includes identity theft, fraud, and manufacturing and selling false identification and counterfeit access devices.  He sold a counterfeit driver's license to an undercover federal law enforcement agent and had described in detail how he obtained credit reports and personal identification information for fraudulent use.  At the time of his arrest on unrelated drug charges in Michigan, Defendant was found in possession of 305 oxycodone tablets in pill bottles with the labels removed, $2,800 in cash, three cellular telephones, multiple credit cards in multiple names, and three social security cards in his own name with two different social security numbers.

### (2) Weight of the Evidence

Although Defendant argues in his motion that the length of his involvement in the alleged conspiracy was overstated at the detention hearing, the evidence presented against Defendant is

strong. It includes recorded telephone calls with a confidential informant and with an undercover federal law enforcement agent, video surveillance, and physical evidence seized pursuant to search warrants.

### (3) History and Characteristics of the Defendant

The Defendant appears to be a career criminal. He has no record of legitimate, lawful employment. Conflicting statements made by Defendant's son and Defendant leave the Court with no certainty regarding his actual residency, although he argues in his Motion that he resides in Tennessee with his wife. He was surveilled in Ohio, arrested in Michigan, recently obtained an Alabama driver's license with an Alabama address, and has also somehow submitted to this Court documents notarized in Georgia in December 2017, and January 2018, while Defendant was incarcerated in Ohio. *See* Doc. No. 23-1.

Defendant's criminal history includes drug trafficking, money laundering, and conspiracy. He has served lengthy periods of incarceration, including terms for violations of supervised release. *See* Doc. No. 32-14.

Defendant appears to have no ties to the Western District of Pennsylvania. He has a son living in Ohio and his wife lives in Tennessee. It appears that he has traveled extensively across the United States in furtherance of his fraudulent activities.

### (4) Danger Posed by Defendant's Release

Defendant poses a serious risk of continued criminal activity and obstruction of justice if he is released pending trial. In recorded telephone calls, he has provided instructions to co-conspirators regarding what to do in the event that they are arrested and questioned about his activities. He has attempted to conceal evidence. His noted skill in manufacturing counterfeit identifications presents a serious risk of flight. "A danger to the community does not only

include physical harm or violent behavior." *United States v. Abdullahu*, 488 F. Supp. 2d 433, 438-39 (D.N.J. 2007).

The Government has shown by clear and convincing evidence that there are no conditions of release that the Court could devise to (1) ensure Defendant's appearance, and (2) protect the community from further criminal conduct by the Defendant.

**III.    Conclusion**

Accordingly, Defendant's Motion to Revoke Order of Detention is DENIED. His request for an additional evidentiary hearing in connection with the Government's Motion for Detention is DENIED. Defendant shall remain detained pending trial of this matter.

SO ORDERED, this 13th day of February, 2018,
s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All ECF Registered Counsel of Record